IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KENDALL E. WILLIS                                                                  PLAINTIFF

v.                                    CIVIL NO. 13-5123

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                     DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Kendall E. Willis, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claim for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background**:

Plaintiff protectively filed his current application for SSI on February 16, 2011, alleging an inability to work due to bipolar disorder, schizophrenia, anxiety, depression, hearing loss, and bleeding ulcers. (Tr. 110, 145). An administrative hearing was held on February 23, 2012, at which Plaintiff appeared with counsel and testified. (Tr. 25-58).

By written decision dated May 4, 2012, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13).

AO72A
(Rev. 8/82)

Specifically, the ALJ found Plaintiff had the following severe impairments: an adjustment disorder, with mixed anxiety and depressed mood; and a personality disorder, not otherwise specified. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 14). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is limited to work where interpersonal contact is incidental to the work performed and does not involve contact with the general public, the complexity of tasks is learned and performed by rote, with few variables and use of little judgment, and the supervision required is simple, direct, and concrete.

(Tr. 15). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a machine packager, a hand packager, a small product assembler, and a bench assembler. (Tr. 19).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing evidence submitted by Plaintiff, denied that request on April 24, 2013 (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 8). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 14).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II. Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

      It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

      The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial

gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 416.920. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. § 416.920.

### III. Discussion:

Plaintiff argues the following issue on appeal: 1) the ALJ erred in failing to fully and fairly develop the record; 2) the ALJ erred in failing to find Plaintiff's hearing loss to be a severe impairment; and 3) the ALJ erred in determining Plaintiff's RFC.

#### A. Fully and Fairly Develop the Record:

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

#### B. Plaintiff's Impairments:

At Step Two of the sequential analysis, the ALJ is required to determine whether a

claimant's impairments are severe. See 20 C.F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant, however, has the burden of proof of showing he suffers from a medically-severe impairment at Step Two. See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

The ALJ clearly considered all of Plaintiff's impairments, including the impairments that were found to be non-severe. See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity"). With regard to Plaintiff's hearing loss, the record revealed that Plaintiff sometimes used a hearing aide in his right ear, but Plaintiff did not need amplification on his telephone. (Tr. 141-143, 209). The ALJ also noted that Plaintiff did not exhibit any difficulty hearing while giving his testimony at the administrative hearing. (Tr. 13). The Court finds the ALJ did not commit reversible error in setting forth Plaintiff's severe impairments.

**C. The ALJ's RFC Determination:**

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In the present case, the ALJ considered the medical assessments of examining and non-examining agency medical consultants, Plaintiff's subjective complaints, and his medical records when he determined Plaintiff could perform work at all exertional levels with nonexertional limitations. The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision. Plaintiff's capacity to perform this level of work is also supported by the fact that the medical evidence does not indicate that Plaintiff's examining physicians placed restrictions on his activities that would preclude performing the RFC determined. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions

militates against a finding of total disability). Accordingly, the Court finds there is substantial evidence of record to support the ALJ's RFC findings.

### D. Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the Eighth Circuit has observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards, 314 F.3d at 966.

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that Plaintiff was able to spend time walking dirt roads looking for scrap and cans. (Tr. 35). In April of 2011, Plaintiff reported to Dr. Terry L. Efird, a consultative examiner, that he was able to drive unfamiliar routes; to shop independently; to handle his personal finances adequately; to perform most activities of daily living adequately; and to spend time with his girlfriend. (Tr. 193). Plaintiff also reported to Dr. Efird that he preferred to spend time in the country in a more isolated manner.

The Court notes that while Plaintiff alleged an inability to seek treatment due to a lack

-7-

of finances, the record is void of any indication that Plaintiff had been denied treatment due to the lack of funds. Murphy v. Sullivan, 953 F.3d 383, 386-87 (8th Cir. 1992) (holding that lack of evidence that plaintiff sought low-cost medical treatment from her doctor, clinics, or hospitals does not support plaintiff's contention of financial hardship). The record further revealed that Plaintiff was able to come up with the funds to support his smoking habit during the relevant time period.

With regard to the testimony of Plaintiff's mother, the ALJ properly considered this evidence but found it unpersuasive. This determination was within the ALJ's province. See Siemers v. Shalala, 47 F.3d 299, 302 (8th Cir. 1995); Ownbey v. Shalala, 5 F.3d 342, 345 (8th Cir. 1993).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he is unable to engage in any gainful activity. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

  **E.**  **Hypothetical Question to the Vocational Expert:**

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a machine packager, a hand packager, a small product assembler, and a bench assembler. Pickney v. Chater, 96 F.3d

294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

IV. **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed. The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 11th day of August, 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)